# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

IN RE DANIEL MICHAELESCO

DANIEL MICHAELESCO and ORTANSA
MICHAELESCO,

        Appellants,

v.

MOLLY WHITON,

        Appellee.

3:08-cv-01766 (CSH)

**<u>ORDER</u>**

<u>HAIGHT, Senior District Judge</u>:

    Pending before the Court is appellants' Motion to Pay Appeal Filing Fee in Installments (Doc. No. 13).  For the following reasons the motion is denied.

## I.    BACKGROUND

    On June 30, 2009, I dismissed this appeal from a bankruptcy court judgment dismissing appellant Daniel Michaelesco's Chapter 13 bankruptcy case.  Appellants timely filed a notice of appeal with the Clerk of Court on July 30, 2009.  However, they did not pay the $450 appellate docket fee, for which they are responsible unless granted *in forma pauperis* relief.

    On August 3, 2009, appellants moved the Court for permission to pay the $450 docket fee in installments.  They would like to make four monthly payments of $112.50, with the first payment coming due on August 28, 2009, and the last payment coming due on November 28, 2009.

## II.    DISCUSSION

    Because appellants had already filed their notice of appeal when they filed the instant motion, it is incumbent upon me to consider, as a threshold inquiry, whether this Court has retained

jurisdiction over this matter for purposes of deciding the motion or whether such a motion must be addressed to the Court of Appeals.  *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (It is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.")  I do so *sua sponte*.

Although it is commonly believed that the filing of a notice of appeal divests the district court of jurisdiction over a case and confers it upon the court of appeals, the notice of appeal only affects the jurisdiction of the courts over the subject matter of the appeal. *See id*. ("The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *New York State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) ("The filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal.").[1]

Because appellants' Motion to Pay Appeal Filing Fee in Installments does not concern the order of this Court being appealed, the Court has jurisdiction to hear the motion.  However, this is not to say that such a motion is properly addressed to this Court.  Although the appellate docket fee is paid to the clerk of the district court, the clerk receives the fee on behalf of the court of appeals. *See* Fed. R. App. P. 3(e).  It is therefore for the Court of Appeals to decide whether to accept its fee over the course of four months.  The propriety of leaving this decision to the Court of Appeals is further evidenced by Fed. R. App. P. 3(a)(2), which states: "An appellant's failure to take any step

---

[1] The validity and operative power of a notice of appeal are not lessened because an appellant failed to pay a required filing fee. *See Parissi v. Telechron*, Inc., 349 U.S. 46, 47 (1955) (per curiam) ("[U]ntimely payment of the § 1917 [notice of appeal] fee did not vitiate the validity of petitioner's notice of appeal.").

other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the *court of appeals to act as it considers appropriate*, including dismissing the appeal." (emphasis added). In accordance with Fed. R. App. P.(3)(a)(2), I respectfully defer to the Court of Appeals for consideration of any request appellants might make to that Court to pay the appellate docket fee for its benefit in installments, and to take such further action as that Court deems appropriate.

## III.  CONCLUSION

For the foregoing reasons, appellants' Motion to Pay Appeal Filing Fee in Installments (Doc. No. 13) is DENIED without prejudice.

It is SO ORDERED.

Dated: New Haven, Connecticut
August 13, 2009

_____/s/ Charles S. Haight, Jr._____
Charles S. Haight, Jr.
Senior United States District Judge